IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez

Criminal Action No. 1:24-cr-251-RMR

UNITED STATES OF AMERICA,

    Plaintiff,
v.

1. RONALD KING,
2. VICTOR ROITER,
3. TINA WELLMAN,
4. ADAM SHORR,
5. ROBERT O'SULLIVAN,
6. BRADLEY EDSON, and
7. JOHN GAUTEREAUX,

    Defendants.

---

**ORDER**

---

This matter is before the Court on the Government's Unopposed Joint Motion to Declare Case as Complex and Exclude Time (ECF No. 71). The Government's Motion requests that the Court, pursuant to the Speedy Trial Act, Title 18, United States Code, Sections 3161, *et seq.*, and continue any pretrial deadlines and trial for an initial period of 120 days and exclude any resulting pretrial delay from calculating deadlines. Counsel states he consulted with the Defendants who have appeared, as well as counsel for the United States, and they join the motion. For the following reasons, the Motion is GRANTED.

The Speedy Trial Act is "designed to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in ensuring prompt criminal proceedings." *United States v. Hill*, 197 F.3d 436, 440 (10th Cir. 1999). It requires that a criminal defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later. *See* 18 U.S.C. § 3161(c)(1); *United States v. Lugo*, 170 F.3d 996, 1001 (10th Cir. 1999). Certain periods of delay are excluded and do not count toward the 70-day limit. *See* 18 U.S.C. § 3161(h)(1)-(8). Among the authorized delays, "the Act excludes any period of delay 'resulting from a continuance granted by any judge . . . on the basis of its findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" *Hill*, 197 F.3d at 440-441 (quoting 18 U.S.C. § 3161(h)(7)(A)).

The Speedy Trial Act provides, in pertinent part:

The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:

. . . .

(7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

In order for a continuance to qualify as an excludable "ends of justice" continuance under § 3161(h)(7)(A), certain prerequisites must be satisfied. *Hill*, 197 F.3d at 441. First, the Court must consider the following factors listed in § 3161(h)(7)(B):

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i)–(iv).

After considering these factors, the Court must then set forth, "in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Hill*, 197 F.3d at 441; § 3161(h)(7)(A). Although the Court's findings "may be entered on the record after the fact, they may not be made after the fact." *Hill*, 197 F.3d at 441 (quoting *United States v. Doran*, 882 F.2d 1511, 1516 (10th Cir.1989)). "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice

3

continuance be prospective, not retroactive[.]'" *Id.* (quoting *Doran*, 882 F.2d at 1516). The Court has discharged these duties.

As background information, the Grand Jury returned an indictment in this matter on August 21, 2024. ECF No. 1. The Indictment alleges a wire fraud conspiracy against Defendants Shorr, King, Roiter and Wellman (Count 1), a "kickback" conspiracy against all Defendants (Count 2), and a money laundering conspiracy against Defendants King, Roiter and Wellman (Count 3). Counts 1 and 2 allege conspiracies from January 2020 to at least December 2022. Count 3 alleges a conspiracy from January 2020 to December 2021. *Id.*

Counsel states that the Government is set to disclose its first production on or about September 20, 2024. ECF No. 36 at 9. The Government notes that discovery is voluminous and will be made on a rolling production. *Id.* Counsel for Defendant Shorr states that the Government indicated, in an email, that more than 480,000 documents will be included in its first production, but that production will not include items seized from electronic devices (cellphones and computers).

Counsel indicated that the discovery to be provided by the Government in this case is sufficiently complex and voluminous that it would be unreasonable to expect the parties to adequately prepare for pretrial proceedings or for trial within the time limits established by either the Speedy Trial Act or the Court's ordinary scheduling and discovery orders.

Counsel further state that they require additional time to review discovery; confer with their clients, other defense counsel and government counsel; plan and manage investigations; evaluate materials for potential pretrial motions; consider, research and

4

hire expert witnesses; and anything else required for each defense counsel to provide his or her client with effective assistance of counsel. They further state that the requested continuance will not inconvenience the opposing party nor the Government.

The Court is sensitive to and mindful of the teachings of relevant case law, including the principles and holdings in *Bloate v. United States*, 559 U.S. 196 (2010); *United States v. Larson*, 627 F.3d 1198, (10th Cir. 2010); *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009); and *United States v. Williams*, 511 F.3d 1044 (10th Cir. 2007).

On the basis of the foregoing, the Court finds and concludes that this matter is complex within the meaning of the Speedy Trial Act (18 U.S.C. § 3161(h)(7)(B)(ii)). The Court further finds that it is unreasonable to expect adequate preparation for pretrial proceedings and the trial itself with the time limits otherwise set by the Act. Additionally, the Court finds and concludes that the ends of justice served by the granting of additional excludable time herein outweigh the best interests of the public and the Defendant in a speedy trial.

The Court has considered the factors which it must under 18 U.S.C. § 3161(h)(7)(B)(i)–(iv). As required by 18 U.S.C. § 3161(h)(7)(C), the Court has not predicated its ruling on congestion of the Court's calendar or lack of diligent preparation by counsel.

Accordingly, the Court FINDS that:

(1)  This case is complex within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii);

(2)  Failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c) would likely result in a miscarriage of justice, within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i);

(3) Even were the case not complex, and considering due diligence, failure to grant the motion would deny counsel for Defendant the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv); and

(4) Therefore, the ends of justice served by granting the motion outweigh the best interests of the public and Defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

THEREFORE, IT IS HEREBY ORDERED that:

(1) Defendant Shorr's Unopposed Joint Motion to Declare Case Complex and Exclude Time, at ECF No. 71, is **GRANTED;**

**(2)** **The 70-day clock, exclusive of tolled time, shall accordingly be extended from November 14, 2024, to March 13, 2025;**

**(3)** The current trial date and all pretrial deadlines and settings are hereby VACATED. The **5-week** jury trial is reset for **March 10, 2025**. The Trial Preparation Conference/Change of Plea Hearing is reset for **March 5, 2025, at 3:00 PM**;

**(4)** Defendants shall have to and including **February 3, 2025,** to file pretrial motions, and responses to these motions shall be filed by **February 17, 2025**. **If no motions are filed by February 3, 2025, the Court will deem Defendants to have waived any such motions.** If counsel believe an evidentiary hearing on motions is necessary, they shall confer and email Chambers at Rodriguez_Chambers@cod.uscourts.gov by **February 19, 2025**; and

(5) The parties are directed to contact Chambers at Rodriguez_Chambers@cod.uscourts.gov by the close of business September 20, 2024, to set this matter for a status conference. The parties are to be prepared to discuss the status of discovery, defense investigation, pretrial motions deadlines and trial dates at that Status Conference.

6

Dated: September 11, 2024.

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge

7